**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| BRAYAN HERNANDEZ LICONA,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,<br>Respondent. | No. 2:26-cv-03276-SHL-atc |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On September 25, 2026, Petitioner Brayan Hernandez Licona filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his continued detention without a bond hearing. (Id. at PageID 1.) Mr. Hernandez Licona states that he first entered the United States in May 2023, and he has since "lived productively and peaceably" in Memphis, Tennessee. (Id.) On November 3, 2025, he was arrested during a traffic stop and taken into ICE custody. (Id.) Thereafter, he was released when the Court granted his habeas petition. (Id.) However, Mr. Hernandez Licona contends that he was re-arrested when ICE "raided a bar and detained [him and] 120 other patrons." (Id. at PageID 2.) He asserts that he was not engaged in any illegal conduct, and ICE provided no reasons for his arrest or detainment. (Id.) He remains in ICE custody at the West Tennessee Detention Center. (Id. at PageID 6.) He seeks immediate release, and the return of his property and documents, which were seized upon his arrest. (Id. at PageID 17.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the

interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) Within **three business days** of the filing of this Order, Petitioner shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2) Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply within **three business days** after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition, and if Petitioner has been transferred since filing his Petition, Respondent is **ORDERED** to transfer him back to the Western District of Tennessee.

**IT IS SO ORDERED,** this 8th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE